IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT VILLANUEVA, § | | |
| TDCJ # 1662449, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 3:17-114 |
| § | | |
| LORIE DAVIS, Director, Texas § | | |
| Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

Petitioner Robert Villanueva filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). On January 16, 2018, this Court entered a Memorandum Opinion and Order (Dkt. 20) and Final Judgment (Dkt.21) dismissing the Petition as time barred. The Court denied a certificate of appealability. On February 14, 2018, Villanueva filed a Motion for Rehearing (Dkt. 22) simultaneously with a Notice of Appeal (Dkt. 23).

The Court construes Villanueva's Motion for Rehearing as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Because the motion is timely under Rule 59(e), the Notice of Appeal will become effective when the Court rules on the Motion. FED. R. APP. P. 4(a)(4)(B)(i). Until it becomes effective, the Notice of Appeal does not deprive the Court of jurisdiction to consider the Motion for Rehearing.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment after final judgment has been entered. FED. R. CIV. P. 59(e); *Merritt Hawkins & Assoc., LLC*

*v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017).  A litigant seeking relief under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal citation and quotation marks omitted).  A Rule 59(e) motion cannot be used to argue a case under a new legal theory.  *Id*.  Moreover, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Villanueva argues that this Court should reconsider its dismissal of his habeas petition based on multiple grounds raised in the Petition and summary judgment briefing, including a 2016 letter stating that new DNA testing methods had become available, the Cooper-Roell letter from 2015, a glass crack pipe that allegedly was missing from evidence, and the 2009 confession from Marcus Shuff.  These arguments were given full consideration before Final Judgment was entered and, for the reasons stated in the Court's Memorandum Opinion and Order, none justify relief from the one-year limitations period in 28 U.S.C. § 2244(d)(1).  Villanueva does not establish a manifest error of law or fact, nor does he direct the Court's attention to newly discovered evidence.[1]  Therefore, he is not entitled to reconsideration of the Court's judgment.  *See Ross*, 426 F.3d at 763; *Templet*, 367 F.3d at 479.

---

[1]  Villanueva cites to *Hutson v. Quarterman*, 508 F.3d 236 (5th Cir. 2007), and argues that his motion for DNA testing under TEX. CODE CRIM. PROC. art. 64.01 extended the one-year limitations period under the tolling provisions of 28 U.S.C. § 2244(d)(2).  Villanueva's

(continued on next page …)

Page **2** of **3**

Based on the foregoing, the Court **ORDERS** that Villanueva's Motion for Rehearing (Dkt. 22) is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of February, 2018.

_____
George C. Hanks Jr.
United States District Judge

---

conviction became final on February 23, 2012, and his one-year limitations period expired on February 23, 2013. He filed his first state habeas petition on January 26, 2014, and did not file his motion for DNA testing until November 12, 2015. Because the federal limitations period already had expired when Villanueva filed his applications for state collateral review, those applications did not extend his filing deadline under Section 2244(d)(2). *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).